UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY D. LEISER,

        Petitioner,

v.                                               Case No. 07-C-994

MICHAEL THURMER,

        Respondent.

# ORDER

On February 18, 2009, after all parties consented to the full jurisdiction of a magistrate judge and the case was transferred to this court, an order denying Jeffrey D. Leiser's ("Leiser") petition for a writ of habeas corpus was entered. On March 11, 2009, Leiser filed a notice of appeal, (Docket No. 31), and a request to proceed in forma pauperis on appeal, (Docket No. 33). On March 20, 2009, Leiser filed a request to supplement the record on appeal, (Docket No. 38), and a request for a certificate of appealability. (Docket No. 39.)

Before a person incarcerated pursuant to a state court judgment may appeal the decision of a district court regarding a petition for a writ of habeas corpus, the petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

> [A] habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a

different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Id. at 583-84 (internal citations and quotation marks deleted).

Leiser seeks a certificate of appealability as to the four issues he raised in his petition:

(1)  that his trial counsel was ineffective for failing to object to the introduction of evidence that he was a registered sex offender;

(2)  that his appellate counsel was ineffective for failing to allege that his trial counsel was ineffective for not objecting to Leiser's absence from a conference regarding a question received from the jury;

(3)  that his appellate counsel was ineffective for failing to allege that his trial counsel was ineffective for failing to object to the prosecutor's closing argument; and

(4)  that his appellate counsel was ineffective for failing to allege that his trial counsel was ineffective for not calling the victims' father to testify.

The court finds that for the reasons more fully set forth in this court's decision and order denying Lesier's petition upon its merits, (Docket No. 26), Leiser has failed to make a substantial showing of the denial of a constitutional right with respect to his third and fourth claims for relief. Therefore, the court shall deny Leiser's request for a certificate of appealability on these claims for relief.

However, with respect to his first and second claims for relief, notwithstanding this court's conclusion that Leiser is not entitled to relief on these grounds, the court finds that Leiser has made a substantial showing of the denial of a constitutional right and demonstrated that jurists of reason could debate whether the petition should have been resolved in a different manner. Therefore, the court shall grant Leiser a certificate of appealability as to these two claims for relief.

As for Leiser's request to proceed in forma pauperis on appeal, having reviewed Lesier's petition and his prison trust account statement, the court is satisfied that Leiser is indigent and unable to pay the required fees. Therefore, Leiser's request to proceed in forma pauperis shall be granted.

-2-
Case 2:07-cv-00994-AEG   Filed 04/02/09   Page 2 of 4   Document 40

Leiser has also asked that certain police and investigative reports be added to the appellate record. (Docket No. 38.) Leiser states he does not have these reports. Federal Rule of Appellate Procedure 10(e) permits correction or modification of the appellate record if "if anything material to either party is omitted from or misstated in the record by error or accident." Leiser has failed to demonstrate that it was error or accident that led to the omission of these documents from the record before this court. Further, Leiser has failed to demonstrate that these documents would be relevant to the two issues that court of appeals will consider in light of this court's limited grant of a certificate of appealability. Additionally, Leiser requests to supplement the appellate record with various legal arguments and cases. A motion to supplement the appellate record is not the appropriate means by which to make these arguments. The court of appeals will provide Leiser the opportunity present his legal arguments and to cite to cases that he believes are relevant. Accordingly, the court shall deny Leiser's request to supplement the appellate record.

Finally, in a single line at the end of his request to supplement the record on appeal, Leiser states, "I RENEW my request for Appointment of Counsel to help me." (Docket No. 38.) To the extent that this statement may be construed as a motion for the appointment of counsel on appeal, the court shall deny it.

Pursuant to 28 U.S.C. §2254(h), the court may appoint counsel for a petitioner who is unable to afford counsel. Appointment of counsel is governed by 18 U.S.C. §3006A (the Criminal Justice Act). "Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances." Winsett v. Washington, 130 F.3d 269, 281 (7th Cir. 1997). Upon a determination by the court that "the interests of justice so require, representation may be provided for any financially eligible person" seeking relief under 28 U.S.C. § 2254. 18 U.S.C. § 3006A(a)(2). Representation is appropriate when the petitioner cannot obtain justice absent an attorney, cannot obtain an attorney,

and will have a "reasonable chance of success" with an attorney. Winsett, 130 F.3d at 281. This court does not believe that the petitioner would have a reasonable chance of success with an attorney and therefore shall deny the petitioner's motion.

**IT IS THEREFORE ORDERED** that Leiser's request for a certificate of appealability is **granted in part and denied in part**. Leiser's request for a certificate of appealability is granted with respect to the following claims for relief:

(1) that his trial counsel was ineffective for failing to object to the introduction of evidence that he was a registered sex offender; and

(2) that his appellate counsel was ineffective for failing to allege that his trial counsel was ineffective for not objecting to Leiser's absence from a conference regarding a question received from the jury.

Lesier's request for a certificate of appealability is denied as to all other grounds.

**IT IS FURTHER ORDERED** that Leiser's motion to proceed in forma pauperis on appeal is **granted**.

**IT IS FURTHER ORDERED** that Leiser's request to supplement the record on appeal, (Docket No. 38), is **denied**.

**IT IS FURTHER ORDERED** that Leiser's motion for appointment of counsel is **denied**.

Dated at Milwaukee, Wisconsin this 2nd day of April 2009.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge